UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AMIRE J. LOGAN,<br><br>　　　　　　　Defendant. | Cr. No. 3:24-cr-171-PDW<br><br>**DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

　　　　The Defendant, Amire J. Logan, moves to dismiss the indictment. First, Counts 1 and 3 fail to state an offense. *See* Fed. R. Crim. P. 12(b)(3). Both counts charge Mr. Logan with "Possession of a Firearm and Ammunition by a Convicted Felon" in violation of 18 U.S.C. § 922(g)(1). The felony convictions in the indictment are North Dakota juvenile delinquency adjudications for possession with intent to distribute marijuana and terrorizing. Because North Dakota juvenile delinquency adjudications are not convictions, and because Mr. Logan has no other valid felony conviction, Mr. Logan cannot be convicted of Counts 1 and 3. So, Counts 1 and 3 fail to state an offense and should be dismissed.

　　　　Second, should the Court find North Dakota juvenile delinquency adjudications qualify as convictions, the four charged § 922(g) offenses are multiplicitous. The indictment charges conduct occurring on two separate dates. For each date, there are two § 922(g) counts. But only one unit of prosecution can be assigned to each date. Conviction of multiple counts for a single of unit of prosecution violates due process. The Court should, therefore, dismiss these counts.

Third, Count 5 should be dismissed because it fails to include all elements necessary to convict. Under Count 5, the government alleges Mr. Logan possessed a firearm with a removed, obliterated, and altered serial number. To convict, the government must prove Mr. Logan specifically knew the serial number was altered, obliterated, and removed. Because Count 5 fails to include that element, it is deficient. And it should be dismissed.

## I. Background

On 9 October 2024, a grand jury returned a five-count indictment charging Mr. Logan with various firearm offenses.[1] Count 1 alleges, on or about 24 June 2024, Mr. Logan possessed multiple firearms and ammunition knowing he had been previously convicted for an offense carrying a prison term exceeding one year.[2] Count 2 alleges the same date, firearms, and ammunition as Count 1, but alleges Mr. Logan possessed the firearms and ammunition knowing he was a drug user or addicted to a controlled substance.[3] Count 3 alleges, on or about 24 September 2024, Mr. Logan possessed a pistol and ammunition knowing he had been previously convicted for an offense carrying a prison term exceeding on year.[4] Count 4 alleges the same date, and the same firearm and ammunition as Count 3, but it alleges Mr. Logan possessed the firearms and ammunition knowing he was a drug user or

---

[1] Doc. 1.
[2] *Id.* at p. 1.
[3] *Id.* at p. 2.
[4] *Id.* at p. 4.

addict of a controlled substance.[5] And Count 5 alleges the same firearm in Counts 3 and 4 had a removed, obliterated, and altered serial number.[6]

Following the indictment, the Court issued an arrest warrant.[7] The warrant was executed on 15 October 2024.[8] On 15 October 2024, Mr. Logan appeared for his arraignment and initial appearance.[9] Mr. Logan pleaded not guilty.[10] Trial is scheduled for 15 October 2024.[11] Despite a filed stipulated discovery order,[12] the government has not yet given Mr. Logan discovery.

## II. ARGUMENT

The indictment contains several errors requiring dismissal. First, Counts 1 and 3 do not state an offense because North Dakota juvenile delinquency adjudications are not predicate convictions under 18 U.S.C. § 922(g)(1). Second, Counts 1 and 2 are multiplicitous, and so are Counts 3 and 4. Third, Count 5 fails to include all elements of an offense under 18 U.S.C. § 922(k) because it omits the requirement the government prove Mr. Logan knew the firearm's serial number was removed, obliterated, and altered. The Court should dismiss the indictment.

---

[5] *Id.* at p. 5.
[6] *Id.* at p. 6.
[7] *See* Doc. 15.
[8] *Id.*
[9] *See* Doc. 5.
[10] *See id.*
[11] Doc. 7.
[12] Doc. 14.

      a.    *This motion raises purely legal issues that can be decided before trial.*

Parties may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016). Rule 12(b)(1) encourages courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues. *United States v. Levin*, 973 F.2d 463, 467, 470 (6th Cir 1992). Courts may decide motions to dismiss before trial if they raise questions of law rather than fact. *Id.* at 470 (quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974)). Courts may not, however, make factual findings when an issue is "inevitably bound up with evidence about the alleged offense itself." *Turner*, 842 F.3d at 605 (citing *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). The arguments that follow are purely legal; so, under Rule 12(b)(1), the Court may entertain and resolve this motion.

      b.    *For Counts 1 and 3, Mr. Logan's North Dakota juvenile delinquency adjudications are not convictions under 18 U.S.C. § 922(g)(1).*

Under 18 U.S.C. § 922(g)(1), Mr. Logan's juvenile delinquency adjudication is not a conviction for a crime punishable by imprisonment for a term exceeding one year. In North Dakota, juvenile delinquency adjudications are not convictions. Because Mr. Logan has never been convicted of a crime punishable by more than one year, he cannot be convicted for violating § 922(g)(1) as a matter of law. Therefore, Counts 1 and 3 should be dismissed for failing to state an offense. *See* Fed. R. Crim. P. 12(b)(1).

North Dakota law determines whether Mr. Logan was convicted of a criminal offense. "What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Congress intended states to decide what is a crime punishable by more than one year. *See United States v. Walters*, 359 F.3d 340, 343 (4th Cir. 2004).

Under North Dakota law, juvenile delinquency adjudications are not criminal convictions. In North Dakota, "proceedings in juvenile court are not criminal in nature." *In re R. Y.*, 189 N.W.2d 644, 651 (N.D. 1971). And even though North Dakota defines delinquent acts to mean acts constituting crimes, *see* N.D.C.C. § 27-20.2-01(8), juvenile delinquency adjudications are not criminal convictions. N.D.C.C. § 27-20.2-16(1). Moreover, juvenile delinquency adjudications do not "impose any civil disability ordinarily resulting from a conviction…" N.D.C.C. § 27-20.2-16(1).

Under certain circumstances, North Dakota law allows juveniles to be charged as adults. *See* N.D.C.C. § 12.1-04-01. If juvenile delinquency adjudications equated to convictions, there would be no reason for both juvenile delinquency proceedings and a statutory scheme to try juveniles as adults. *See Walters*, 359 F.3d at 345.

Similarly, North Dakota's firearm prohibition statute highlights its distinction between juvenile delinquency adjudications and convictions. *See* N.D.C.C. §§ 62.1-02-01(1)(a); 62.1-02-01(2)(f). North Dakota prohibits people

convicted of certain offenses from possessing firearms for varying amounts of time. *Id*. Juveniles adjudicated delinquent are considered convicted for the limited purpose of prohibiting them from possessing firearms under § 62.1-02-01(1). *See* N.D.C.C.§ 62.1-02-01(2)(f). The limited purpose of treating juvenile delinquency adjudications as convictions under one statute but not under others shows the exception proves the rule: delinquency adjudications are not convictions. Were that not the case, there would be no need for the statute to distinguish between the two. *See Walters*, 359 F.3d at 345 (stating that because "an adjudication is treated *as* a conviction in specific circumstances implies that it is not so treated as a general rule").

For another example, the North Dakota Supreme Court recently held juvenile delinquency adjudications are not subject to postconviction proceedings. *Woolsey v. State*, --- N.W.3d ---, 2024 WL 4296340, *1 (N.D. 2024). In *Woolsey*, the state opposed a juvenile's application for postconviction relief challenging the validity of his plea and the denial of his right to counsel, and he tried to assert newly discovered evidence. *Id*. The state argued postconviction relief was unavailable to juvenile delinquency adjudications. *Id*.

The North Dakota Supreme Court agreed. *Id*. It noted North Dakota's postconviction act, *see* N.D.C.C. § 29-32.1, allowed people "*convicted of and sentenced for a crime*" to institute proceedings for relief. *Id*. (emphasis in original). It then reiterated a juvenile delinquency adjudication is not a conviction of crime. *Id*. (citing N.D.C.C. § 27-20.2-16(1)). The North Dakota Supreme Court then noted

6

North Dakota's prohibition of felons possessing firearms included juvenile delinquency adjudications acknowledging an explicit exception to the rule that adjudications are not convictions. *Id.* (citing *State v. Moses*, 982 N.W.2d 321, 326 (N.D. 2022)). But North Dakota's postconviction act referred only to convictions and did not carve out an exception for juvenile delinquency adjudications. *Id.* (citing N.D.C.C. § 29-32.1). Therefore, the North Dakota Supreme Court concluded the postconviction act did not apply to juvenile delinquency adjudications. *Id.*

*Woolsey* reinforces the conclusion that juvenile delinquency adjudications are not criminal convictions, and they are not to be treated like convictions unless explicitly stated in statute. And so, Mr. Logan's juvenile delinquency adjudications are not convictions. They do not amount to a conviction for "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. §§ 922(g)(1); 921(a)(20).[13] Because the Counts 1 and 3 allege no other such convictions—and because none exist—they fail to state an offense. Under Rule 12(b)(3)(A)(v), therefore, Counts 1 and 3 should be dismissed.

    c.    *The § 922(g) counts are multiplicitous.*

Should the Court not dismiss the § 922(g)(1) counts, a double jeopardy issue remains. As charged, the indictment is multiplicitous as to Counts 1 and 2 and as to

---

[13] Even though Mr. Logan's delinquency adjudication arguably prohibited him from possessing a firearm under North Dakota law, that does not mean he was federally prohibited. "Nowhere does the federal firearm law limit its applicability to the parameters of the state firearm law. Rather, it directs the federal courts to accept the state's assessment of whether the predicate offense, whatever it may be, is treated as a crime." *Walters*, 359 F.3d at 345.

7

Counts 3 and 4. The indictment can be separated into two events: 24 June 2024 and 24 September 2024. For each event, the government alleges Mr. Logan was prohibited from possessing firearms under 18 U.S.C. § 922(g). And for each event, the government alleges two reasons: he had previous felony convictions, and he was a drug user/addict. But it is the act of possessing a firearm that amounts to a unit of prosecution and not the type of prohibition. Because there are only two acts of possessing a firearm (24 June 2024 and 24 September 2024), there can only be two counts—one for each date. Because the indictment has two § 922(g) counts per date, the indictment is multiplicitous.

The Fifth Amendment's double jeopardy clause protects against multiple punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997). An indictment is multiplicitous when it charges the same crime in separate counts. *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). Whether charges are multiplicitous depends on whether Congress intended the underlying facts of each charge to constitute a separate, allowable unit of prosecution. *Chipps*, 410 F.3d at 447. This is known as the "unit of prosecution" test. *United States v. Erickson*, 2001 WL 1176316 *2. (D.S.D. Aug. 31, 2001).

Here, Congress intended the "allowable unit of prosecution" to be possession even if a defendant fell under multiple § 922(g) classifications or possessed more than one firearm. *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (en banc). This means Mr. Logan cannot be convicted via separate counts based on a single act of possession split between a felon status and a drug-user status. *See id.*

8

Charging more than one § 922(g) subsection creates a multiplicitous indictment. *United States v. Platter*, 435 F. Supp. 2d 913, 915 (N.D. Iowa 2006). A multiplicitous indictment leads to multiple sentences for the same offense. *Chipps*, 410 F.3d at 447. This violates the Fifth Amendment's double jeopardy clause. *Id*.

The Court may remedy this. *See United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008). Mr. Logan asks the Court to dismiss the indictment, and—if the government seeks to resubmit this case to the grand jury—direct the government to merge the § 922(g) prohibitions by their respective unit of prosecution.

> d. *For Count 5, the indictment fails to include the element that Mr. Logan knew the firearm bore a removed, obliterated, and altered serial number.*

Count 5 fails to include all the elements to convict under 18 U.S.C. § 922(k). To convict Mr. Logan of possessing a firearm with an obliterated serial number, *see* 18 U.S.C. § 922(k), the government must prove Mr. Logan knew the serial number was removed, obliterated, or altered. But Count 5 has no such language.

An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir.1993)*; see United States v. O'Brien*, 560 U.S. 218, 224 (2010); *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001). If the government fails to plead conduct consistent with violating a

9

criminal statute, the indictment may be dismissed for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). The "failure of an indictment to allege the elements of the offense cannot be corrected by amendment. The issue is not notice to the defendants. Rather, the question is whether the grand jury considered the missing element." *United States v. Williams*, 429 F.3d 767, 775 (8th Cir. 2005). Dismissal is the only remedy to cure the deficient indictment.

To convict Mr. Logan, the government must prove he knowingly possessed a firearm that affected interstate commerce. *See* 18 U.S.C. § 922(k). The government must also prove Mr. Logan knew the firearm's serial number was removed, obliterated, or altered. *United States v. King*, 230 F.3d 1364 (8th Cir. 2000) (unpublished); *United States v. Teleguz*, 492 F.3d 80, 89 (1st Cir. 2007); *United States v. Haynes*, 16 F.3d 29, 34 (2d Cir. 1994); *United States v. Haywood*, 363 F.3d 200, 206 (3d Cir. 2004); *United States v. Sullivan*, 455 F.3d 248, 261 (4th Cir. 2006); *United States v. Hooker*, 997 F.2d 67, 72 (5th Cir. 1993); *United States v. Fennell*, 53 F.3d 1296, 1300–01 (D.C. Cir. 1995); *see United States v. Garcia-Hernandez*, 803 F.3d 994, 999 (8th Cir. 2015) (upholding a § 922(k) conviction where jury could have found the defendant knew the serial number was obliterated); *United States v. Rice*, 520 F.3d 811, 818 (7th Cir. 2008) (same); *see also* Ninth Circuit Model Criminal Jury Instruction 14.19 (2024) (including as an element "the defendant knew that the serial number had been removed, obliterated, or altered").

Here, Count 5 fails to allege Mr. Logan knew the serial number's condition. It specifically alleges, he "knowingly possessed a firearm, namely, Taurus, Model G2c,

9mm pistol, which had the manufacturer's serial number removed, obliterated, and altered, and which had been shipped and transported in interstate commerce[.]"[14] This language plainly alleges only that Mr. Logan knowingly possessed the firearm, and not the features it bore. It does nothing more than recite the statute, which fails to include the court-determined scienter regarding the serial number.

While an indictment is generally sufficient if it tracks the statute, it still must "set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Camp*, 541 F.2d 737, 739 (8th Cir. 1976) (quoting *United States v. Carll*, 105 U.S. 611, 611 (1881)). And an indictment must set forth the elements "fully, directly, and expressly without any uncertainty or ambiguity…" *Id*. Because the indictment fails to include Mr. Logan's knowledge regarding the serial number, the indictment is deficient. This raises doubt whether the grand jury considered the missing knowledge element. The Court may not amend the indictment. It must be returned to the grand jury. Count 5 should be dismissed.

### III. CONCLUSION

The § 922(g)(1) counts are deficient because they fail to allege Mr. Logan was previously convicted of a felony. Counts 1 and 2, along with Counts 3 and 4, are multiplicitous because they charge multiple counts for a single unit of prosecution. And Count 5 fails to state an offense because it lacks language alleging Mr. Logan knew the firearm in question bore an obliterated serial number. For the reasons stated above, the Court should dismiss the indictment.

---

[14] Doc. 1, p. 6.

Dated this 17th day of October, 2024.

        Respectfully submitted,

        JASON J. TUPMAN
        Federal Public Defender
        By:

        */s/ Christopher P. Bellmore*
        Christopher P. Bellmore
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        112 Roberts Street North, Suite 200
        Fargo, ND 58102
        Telephone: 701-239-5111; Facsimile: 701-239-5098
        filinguser_SDND@fd.org