UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMIRE J. LOGAN,<br><br>　　　　　　Defendant. | Cr. No. 3:24-cr-171-PDW<br><br>**DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

　　　　Mr. Logan replies to the government's response opposing his motion to dismiss. Here, Mr. Logan addresses two points. First, Counts 1 and 3 fail to state an offense because North Dakota juvenile adjudications are not predicate felony convictions under 18 U.S.C. § 922(g)(1). Second, Count 5's failure to allege an element requiring proof Mr. Logan knew the firearm's serial number was obliterated violates his constitutional right to be tried upon charges considered by the grand jury. For the reasons stated below, and for the reasons raised in his motion, the Court should dismiss the indictment.

## I. ARGUMENT

　　　*a. Counts 1 and 3 fail to state an offense because North Dakota juvenile adjudications cannot serve as predicate convictions under 18 U.S.C. § 922(g)(1).*

　　　　Counts 1 and 3 allege Mr. Logan possessed a firearm after being convicted for a crime punishable by a prison term exceeding one year.[1] The predicates listed in

---

[1] Doc. 1, pp. 1-2, 4.

the indictment are North Dakota juvenile adjudications. In North Dakota, juvenile adjudications are not convictions. Because they are not convictions, they cannot be predicates under 18 U.S.C. § 922(g)(1). Counts 1 and 3, fail to allege a valid predicate conviction, and, therefore, both counts fail to state an offense.

Because neither this Court nor the Eighth Circuit has decided whether North Dakota juvenile adjudications may serve as predicate convictions under 18 U.S.C. § 922(g)(1), the parties cite two out-of-circuit cases: *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004) (finding Virginia juvenile adjudications were not convictions under § 921(a)(20)), and *United States v. Mendez*, 765 F.3d 950 (9th Cir. 2014) (finding Washington juvenile adjudications were convictions under § 921(a)(20)). In *Walters*, despite a Virginia law prohibiting those adjudicated from possessing firearms, Virginia, as a general rule, did not treat juvenile adjudications like adult convictions. *See Walters*, 359 F.3d at 346. In *Mendez*, the Ninth Circuit reached the opposite result holding Washington does not have a general rule distinguishing juvenile adjudications from convictions once a person enters adulthood. *See Mendez*, 765 F.3d at 952-53. Both cases developed a test requiring examination of a state's general rule towards treatment of juvenile adjudications.

In North Dakota, the general rule is that juvenile adjudications are not convictions. *State v. Moses*, 982 N.W.2d 321, 327 (N.D. 2022). That holding follows North Dakota's clear statutory language stating a juvenile adjudication "is not a conviction of a crime and does not impose any civil disability ordinarily resulting from a conviction." N.D. Cent. Code § 27-20.2-16(1). And unlike the Washington law

discussed in *Mendez,* that adjudication-conviction distinction extends after a child reaches an age of majority:

> **The disposition of a child and evidence adduced in a hearing in juvenile court may not be used against the child in any proceeding in any court other than a juvenile court, whether before or after reaching majority**, except for impeachment or in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report.

N.D. Cent. Code § 27-02.2-16(2) (emphasis added). Moreover, N.D. Cent. Code § 27-02.2-16(2) forbids use of an adjudication against a child in any subsequent proceeding in "any court."

To show otherwise, the government cites *Matter of Josephsons' Ests.*, 297 N.W.2d 444 (N.D. 1980), claiming the North Dakota Supreme Court limited N.D. Cent. Code § 27-20.2-16 to "adjudications in a juvenile court proceeding."[2] *Matter of Josephsons' Ests.* discussed whether a juvenile found responsible for "feloniously and intentionally" killing his adoptive parents had the right to inheritance through intestacy. *Matter of Josephsons' Ests.*, 297 N.W.2d at 446. North Dakota statute prohibits anyone who "feloniously and intentionally" kills a person from inheriting from that person's estate. *Id.* at 447. The juvenile raised two points. First, a juvenile in North Dakota could not commit a felonious act. *Id.* at 446-46. Second, under N.D. Cent. Code § 27-20.2-16,[3] the juvenile remained entitled to his inheritance because he could suffer no civil disability for his acts. *Id.* at 449.

---

[2] Doc. 20, p. 5.
[3] This statute was renumbered in 2021. The current citation is stated above. The prior statute was N.D. Cent. Code § 27-20-33.

3

The North Dakota Supreme Court rejected both arguments. First, it determined neither a conviction nor adjudication was required before a court could make a finding that an heir feloniously and intentionally killed a decedent. *Id*. Instead, a court (*e.g.,* a probate court) could make that finding by preponderance of the evidence. *See id*. Though the North Dakota Supreme Court acknowledged juveniles could not be convicted of felonies, it held such a finding was separate from criminal and juvenile proceedings. *Id*. Second, a juvenile heir could be disqualified from inheritance despite N.D. Cent. Code § 27-20.2-16 because a probate finding differed from a juvenile adjudication, and, therefore, fell outside of N.D. Cent. Code § 27-20.2-16's reach. *Id*. at 449-50. Thus, acts committed by a juvenile may be evidence in proceedings outside of juvenile court. *Id*. at 449 (stating North Dakota juvenile's code "does not authorize us to relieve the minor from civil disabilities that result not from his adjudication as a delinquent but from the performance of the act itself"). This finds support in N.D. Cent. Code § 12.1-04-01, which permits adult prosecutions of juveniles aged ten and older. In *Matter of Josephsons' Ests.*, had the probate court relied on a juvenile adjudication or evidence adduced in a juvenile proceeding, the outcome would have been different. However, because evidence was adduced in a separate probate court, § 27-20.2-16(1)-(2) did not apply.

*Matter of Josephsons' Ests.* undermines the government's position. It found juveniles are insulated from criminal convictions, and that no disposition of evidence adduced in a juvenile proceeding may be used in any other court. *Id*. at 449. And it states an adjudicated minor is not convicted of a crime. *Id*. at 448.

Unlike Washington, North Dakota's courts have not limited the language of N.D. Cent. Code § 27-20.2-16 to periods where a juvenile is subject to juvenile proceedings.[4] *Matter of Josephsons' Ests.* supports the general rule announced in *Moses* that juvenile adjudications are not convictions.

Nevertheless, citing *Moses*, the government claims the North Dakota Supreme Court held North Dakota juvenile adjudications are federal predicates under 18 U.S.C. § 922(g)(1).[5] The North Dakota Supreme Court did no such thing nor could it. The North Dakota Supreme Court is not a federal court. Under 18 U.S.C. § 921(a)(20), state law is only used to determine what is a conviction. North Dakota law does not determine what class of person is prohibited from possessing a firearm under federal law.

Similarly, North Dakota's own gun prohibition statute, *see* N.D. Cent. Code § 62.1-02-01, has no effect on 18 U.S.C. § 922(g)(1). In North Dakota, people with certain juvenile adjudications may not possess firearms. *See* N.D. Cent. Code § 62.1-02-01(2)(f). That statute has no bearing on whether a juvenile adjudication is also prohibited under federal law. The government argues that because North Dakota has its own statute prohibiting adjudicated juveniles from possessing firearms, it must be a federal prohibition too. But North Dakota and the United States are separate sovereigns. *See e.g.*, *United States v. Leathers*, 354 F.3d 955, 960 (8th Cir.

---

[4] Additionally, under N.D. Cent. Code § 27-20-2-16(2), juvenile adjudications may not be used against a child in any court. This would include adult criminal proceedings. Therefore, absent a statutory exception, N.D. Cent. Code § 27-20.2-16(2) prohibits the use of Mr. Logan's adjudications in this case.
[5] *See* Doc. 20, p. 6.

5

2004). They have separate criminal offenses, which may require proof of different elements. Had Congress chosen to include state juvenile adjudications as 18 U.S.C. § 922(g)(1) predicates, it could have done so. Congress knew the difference. For example, Congress explicitly included juvenile adjudications in its list of predicate violent felony convictions under 18 U.S.C. § 924(e)(2)(B).[6] Congress sought to include only convictions as predicates under 18 U.S.C. § 922(g)(1). In defining convictions, Congress left the meaning of "conviction" up to the state where the proceedings were held. *See* 18 U.S.C. § 921(a)(20). Neither 18 U.S.C. § 921(a)(20) nor 18 U.S.C. § 922(g)(1) refer to juvenile adjudications. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Rodriguez v. United States*, 480 U.S. 522, 525 (1987) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Congress did not intend juvenile adjudications under 18 U.S.C. § 921(a)(20) and 18 U.S.C. § 922(g)(1). And so, a juvenile adjudication may only qualify as a "conviction" under 18 U.S.C. § 921(a)(20) if the jurisdiction of adjudication considers it to be a conviction. *See Walters*, 359 F.3d at 344.

    North Dakota's inclusion of juvenile adjudications as a predicate for its firearm prohibition statute does not prove juvenile adjudications are convictions.

---

[6] Under 18 U.S.C. § 924(e)(2)(B), a "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year, *or any act of juvenile delinquency* involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult[.]" (emphasis added.)

6

"Nowhere does the federal firearm law limit its applicability to the parameters of the state firearm law. Rather, it directs the federal courts to accept the state's assessment of whether the predicate offense, whatever it may be, is treated as a crime." *Id*. at 345. The fact North Dakota includes juvenile adjudications as a predicate conviction under its own firearm prohibition statute illustrates its distinction between juvenile adjudications and convictions. That inclusion is expressly limited to the firearm prohibition statute. *See* N.D. Cent. Code § 62.1-02-01(2)(f) (incorporating juvenile adjudications for "[f]or the purpose of [that] section'). And that inclusion does not transform all juvenile adjudications to convictions. *See Moses*, 982 N.W.2d at 327 (stating N.D. Cent. Code § 62.1-02-1(2)(f)'s exception did not apply outside of that statute). Otherwise, there would be no reason to explicitly include juvenile adjudications into N.D. Cent. Code § 62.1-02-01(2)(f)'s definition of conviction. *See Walters*, 359 F.3d at 345 (stating that Virginia's felon-in-possession statute separately prohibits juvenile delinquents from possessing firearms bolsters the adjudication-conviction dichotomy). Thus, the general rule remains: Juvenile adjudications are not convictions. *See Moses*, 982 N.W.2d at 327 (stating N.D. Cent. Code 27-20.2-16(1) "is the general rule").

Also, N.D. Cent. Code § 62.1-02-01(2)(f) includes juvenile adjudications from courts "of another state or the federal government." Including juvenile adjudications from other jurisdictions shows the North Dakota legislature was concerned with prohibiting those with certain juvenile adjudications from possessing firearms. That limited exception to the general rule does not target only North Dakota juvenile

7

adjudications. Juvenile adjudications from any state can disqualify someone from possessing a firearm in North Dakota. That would include adjudications from Washington, where juvenile adjudications *are* convictions, and from Virginia, where juvenile adjudications *are not*. *See Mendez*, 765 F.3d at 953. Including adjudications under N.D. Cent. Code § 62.1-02-01(2)(f) from all jurisdictions does not invalidate N.D. Cent. Code § 27-20.2-16(1). The general rule remains: Juvenile adjudications are a class distinct from convictions. *See Moses*, 982 N.W.2d at 327.

The government cites *Moses* to argue the North Dakota Supreme Court adopted *Mendez*'s conclusion and held North Dakota juvenile adjudications are convictions.[7] But *Moses* held the opposite. *Moses*, 982 N.W.2d at 327. *Moses* discussed *Mendez* to show juvenile adjudications in Washington can be used as a predicate convictions for its firearm statute despite another statute stating juvenile adjudications are not convictions. *Id.* at 326-27 (citing *Mendez*, 765 F.3d at 952-53). Like Washington, even though N.D. Cent. Code § 27-20.2-16(1) states juvenile adjudications are not convictions, a separate statute lets juvenile adjudications serve as predicates under its firearm prohibition statute. *See id.* at 327. In *Mendez*, Washington caselaw limited that separation to periods where a juvenile was still in the juvenile system. *Id.* But unlike *Mendez*, *Moses* clarified N.D. Cent. Code § 27-20.2-16 "is the *general rule* on juvenile adjudications and N.D. Cent. Code § 62.1-02-

---

[7] *See* Doc. 20, p. 6.

01(2)(f) applies only to the firearm prohibition statute." *Id*. (emphasis added). *Moses* held nothing more.[8] And no North Dakota case has explicitly held N.D. Cent. Code § 27-20.2-16's adjudication-conviction distinction or its ban on use of adjudications in proceedings in any court apply only when a juvenile court has jurisdiction of a juvenile.

The North Dakota Supreme Court recently reiterated *Moses*'s general rule. *See Woolsey v. State*, 11 N.W.3d 872, 873 (N.D. 2024). In *Mendez*, the Ninth Circuit found the opposite applied to Washington stating, "we cannot agree with Mendez's contention that Washington law establishes a general rule barring the treatment of juvenile adjudications as 'convictions' of 'crimes.'" *Mendez*, 765 F.3d at 953. In making that finding, *Mendez* contrasted *Walters* stating Washington has no general rule like the one established by Virginia law. *Id*. The general rule in North Dakota is that juvenile adjudications are not convictions.

To circumvent North Dakota's general rule, the government suggests juvenile adjudications are convictions because North Dakota sentencing courts can consider adjudications at sentencing.[9] In trying to liken that to *Mendez*'s analysis of Washington law, the government omits that Washington uses a guideline system

---

[8] For reasons unknown, *Moses* did not cite *Walters*. Had it done so, the North Dakota Supreme Court would have reached the same conclusion finding the Virginia's adjudication-dichotomy did not prevent the use of adjudications as a predicate under N.D. Cent. Code § 62.1-2-01. *See Walters*, 359 F.3d at 346.
[9] *See* Doc. 20, p. 5. The government incorrectly suggests *Mendez* determined Virginia did not consider adjudications as a part of an offender's criminal history for sentencing. *Mendez* made no such finding about Virginia's sentencing laws. *See Mendez*, 765 F.3d at 952-953.

where juvenile adjudications are explicitly treated as convictions. *See Mendez*, 765 F.3d at 952-53 (citing *State v. Johnson*, 76 P.3d 265, 268 (2003)); *see also* RCW § 9.94A.030(9) (defining a conviction for sentencing purposes as past juvenile adjudication). North Dakota has no guideline system. Instead, North Dakota statute gives a sentencing court discretion to factor a defendant's "history of prior delinquency or criminal activity" to determine whether a prison sentence is ordered. It is but one factor among others—including the defendant's health, amenability to probationary treatment, and cooperation with law enforcement. *See* N.D. Cent. Code § 12.1-32-04(7). That subsection neither refers to an adjudication or a conviction. *See id.*; *see also Delinquency*, Black's Law Dictionary (12th ed. 2024) (defining the term not as an adjudication but as an act or behavior). More importantly, North Dakota's sentencing factors are not controlling, non-exhaustive, and discretionary. *State v. Lyon*, 938 N.W.2d 908, 911 (N.D. 2020). Unlike Washington, North Dakota's sentencing procedure does not automatically consider a juvenile adjudication. In fact, it likely prohibits it. While juvenile acts can be considered in North Dakota, juvenile adjudications are not explicitly grouped with convictions and calculated under a point schedule to determine a sentencing guideline range. North Dakota and Washington's treatment of juvenile adjudications are different.

    The government points out North Dakota law may require an adjudicated juvenile to register as a sex offender.[10] The government incorrectly states North

---

[10] *See* Doc. 20, p. 6

Dakota "does not distinguish registration requirements for those convicted as an adult or adjudicated as a juvenile for committing sexual crimes."[11] *See* N.D. Cent. Code § 12.1-32-15(2)(a). N.D. Cent. Code § 12.1-32-15(2)(a) requires registration for individuals that have "pled guilty or nolo contendere to, or been found guilty as a felonious sexual offender or an attempted felonious sexual offender, including juvenile delinquent adjudications of equivalent offenses unless the offense is listed in subdivision c." The inclusion of adjudications in N.D. Cent. Code § 12.1-32-15(2)(a) means there would otherwise be no requirement for adjudicated juveniles to register. That the North Dakota legislature needed to carve out an exception for juvenile adjudications shows the adjudication-conviction distinction.

Moreover, N.D. Cent. Code § 12.1-32-15(2)(a) leaves registration to a sentencing judge's discretion. *See* N.D. Cent. Code § 12.1-32-15(2)(c). That same discretion is not afforded those with qualifying adult convictions. In this context, juvenile adjudications are treated differently than convictions. By carving out exceptions for juvenile adjudications but not for convictions, North Dakota law further distinguishes the two. *See Walters*, 350 F.3d at 346 (recognizing dissimilar treatment of juvenile adjudications and convictions in the same statute distinguishes the two).

Throughout its response, the government cites to provisions in North Dakota law where juvenile adjudications are treated as prior offenses for the purpose of recidivist statutes. But these exceptions demonstrate the rule. A juvenile

---

[11] Doc. 20, p. 6.

11

adjudication can only qualify as a prior offense when a statute explicitly permits the courts to treat it that way. This can be contrasted with the general rule. In general, juvenile adjudications are not convictions. There are at least ten different recidivist statutes that permit sentencing enhancements based on prior convictions, but not based on prior juvenile adjudications.:

- N.D. Cent. Code § 19-03.1-23(7)(b) (drug possession);
- N.D. Cent. Code § 19-03.4-03(2) (drug paraphernalia);
- N.D. Cent. Code § 12.1-32-09(1)(c) (habitual offender);
- N.D. Cent. Code § 39-08-01(5) (driving under the influence);
- N.D. Cent. Code § 39-10-71 (fleeing);
- N.D. Cent. Code § 12.1-17-01.2(3) (domestic violence);
- N.D. Cent. Code § 12.1-22-03(3)(c) (trespass);
- N.D. Cent. Code § 12.1-23-05(5)(c) (theft);
- N.D. Cent. Code § 12.1-23-11(2)-(3) (unauthorized use of identifying information); and
- N.D. Cent. Code § 12.1-29-06(2) (hiring an individual to engage in sexual activity).

If juvenile adjudications were convictions, they could serve as predicates for those offenses. But they cannot. The number of recidivist statutes that do not include juvenile adjudications far outnumber the statutes that do. This further bolsters the distinction between juvenile adjudications and convictions.

Finally, the government overlooks *Woolsey*, which is the North Dakota Supreme Court's most recently opinion that emphasizing the adjudication-

conviction dichotomy.[12] *See Woolsey*, 11 N.W.3d at 872. *Woolsey* held North Dakota's postconviction relief act, *see* N.D. Cent. Code ch. 29-32.1, did not apply to juvenile adjudications because they are not convictions under N.D. Cent. Code § 27-20.2-16(1). *Woolsey*, 11 N.W.3d at 873. The postconviction act contained several references to a "conviction" but none referenced juvenile adjudications. *Id*. Because postconviction relief is available only to convictions, and because North Dakota's general rule is that juvenile adjudications are not convictions, postconviction relief was not available to juveniles. *Id*.

The North Dakota Supreme Court has made it clear juvenile adjudications are not convictions. *Moses*, 982 N.W.2d at 327. Despite some circumstances where juvenile adjudications may be considered under North Dakota adult criminal statutes, the general rule separates juvenile adjudications and convictions. "That an adjudication is treated *as* a conviction in specific circumstances implies that it is not so treated as a general rule." *Walters*, 359 F.3d at 346 (emphasis in original). Following the general rule test in *Walters* and *Mendez*, North Dakota juvenile adjudications are not predicate convictions under 18 U.S.C. § 922(g)(1).

Because the Counts 1 and 3 allege invalid predicate convictions, they fail to state an offense. Therefore, the Court should dismiss Counts 1 and 3.

---

[12] *See* Doc. 17, pp. 6-7. Mr. Logan's motion discussed *Woolsey* at length.

13

> b. *Count 5 is constitutionally deficient because it fails to contain an essential element of 18 U.S.C. § 922(k).*

Count 5 fails to allege Mr. Logan knew the firearm he possessed had an obliterated serial number. Because that missing allegation is an element of the charged offense, *see* 18 U.S.C. § 922(k), Count 5 fails to state an offense. The government does not contest it must prove Mr. Logan knew the firearm he alleged possessed had an obliterated number. Nor does the government contest that is not an element. The government responds that the missing element still provides sufficient notice and that because this is an issue of first impression without direct supporting authority, the motion should be denied.

The government does not contest that 18 U.S.C. § 922(k) requires proof that Mr. Logan knowingly possessed a firearm and knew the firearm's serial number was obliterated.[13] Mr. Logan's motion cited several circuit opinions finding that requirement was an element of 18 U.S.C. § 922(k).[14] *See e.g., United States v. Haywood*, 363 F.3d 200, 206 (3d Cir. 2004) (holding § 922(k) requires proof of two *mens rea* elements). But the indictment only contains the first *men rea* element. It alleges Mr. Logan "knowingly possessed a firearm, namely, Taurus, Model G2c, 9mm pistol, which had the manufacturer's serial number removed, obliterated, and altered…"[15] The indictment only alleges Mr. Logan knowingly possessed the firearm and that the firearm's serial number was obliterated. The indictment does

---

[13] *See* Doc. 20, p. 11.
[14] Doc. 17, p. 10.
[15] Doc. 1, p. 6.

14

not allege Mr. Logan knew the firearm's serial number was obliterated. That element is missing and Count 5 is deficient.

The government responds the indictment's language, along with a citation to § 922(k), provides Mr. Logan with sufficient notice.[16] But this issue is a matter of substance and not of form. *See United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976). Mr. Logan has a Fifth Amendment right to be tried only upon charges brought by a grand jury. *See id.*; *United States v. Williams*, 429 F.3d 767, 775 (8th Cir. 2005).

> If the only office of an indictment were the giving to a defendant of notice of the charge sufficient to enable him to prepare his defense and to be protected from double jeopardy, these factors might be persuasive. Beyond notice and double jeopardy, however, is the distinct constitutional right, protected by the Fifth Amendment, that a defendant be tried upon charges found by a grand jury.

*Camp*, 541 F.2d at 740 (8th Cir. 1976) (citations omitted). The indictment contains no assurance the grand jury considered the missing *mens rea* element as to Count 5. Therefore, Count 5 runs afoul of Mr. Logan's constitutional right to be tried upon charges found by a grand jury. The government's response fails to address the constitutional deficiency Mr. Logan raised in his motion. *See United States v. Greene*, 513 F.3d 904, 906–07 (8th Cir. 2008) (finding government waived issue by failing to brief or argue it). That deficiency cannot be fixed by amendment or a jury instruction at trial. Dismissal is required.

---

[16] *See* Doc. 20, p. 13.

## II. CONCLUSION

For the above reasons, and for those contained in Mr. Logan's motion, the Court should dismiss the indictment.

Dated this 7th day of November, 2024.

        Respectfully submitted,

        JASON TUPMAN
        Federal Public Defender

        By:

        */s/ Christopher P. Bellmore*
        Christopher P. Bellmore
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        112 Roberts Street North, Suite 200
        Fargo, ND 58102
        Telephone: 701-239-5111; Facsimile: 701-239-5098
        filinguser_SDND@fd.org